able scope determination. *See Torrington I*, 14 CIT at 514, 745 F. Supp. at 723.

CONCLUSION

The determination of the ITA to subdivide the petition's description of the class or kind of merchandise to be investigated and to rescind the investigations of the German respondents' costs of production and to exclude split pillow block housings from the scope of the investigations are supported by substantial evidence and are otherwise in accordance with law, and are affirmed.

782 F. Supp. 1031

BORLEM S.A.-EMPREEDIMENTOS INDUSTRIAIS AND FNV-VEICULOS E EQUIP-AMENTOS S.A., PLAINTIFFS *v.* UNITED STATES AND U.S. INTERNATIONAL TRADE COMMISSION, DEFENDANTS, AND BUDD CO., DEFENDANT-INTERVENOR

Court No. 87–06–00693

(Dated March 3, 1992)

*Willkie, Farr & Gallagher, (Christopher Dunn* and *Daniel L. Porter)* for Plaintiffs.
*Lyn M. Schlitt*, General Counsel, *James A. Toupin*, Assistant General Counsel, United States International Trade Commission *(Wayne Herrington)* for Defendants.
*Barnes, Richardson & Colburn, (James H. Lundquist, Matthew T. McGrath*, and *Peter A. Martin)*, for Defendant-Intervenor.

OPINION AND ORDER

CARMAN, *Judge:* Plaintiff Borlem S.A.-Empreedimentos Industriais ("Borlem") moves to affirm the remand results of the International Trade Commission ("ITC"), *Tubeless Steel Disc Wheels from Brazil; Determination on Reconsideration of the Commission*, USITC Pub. No. 2448, Inv. No. 731–TA–335 (Final) (Nov. 1991) ("reconsideration determination" or "remand results"), issued in response to this Court's second remand order of June 29, 1989. *Borlem S.A.-Empreedimentos Industriais v. United States*, 13 CIT 535, 718 F. Supp. 41 (1989). Borlem's motion also seeks final judgment in Plaintiffs' favor. The government Defendants also seek an entry of final judgment for Plaintiffs, as well as dismissal of Count II of the Complaint on grounds of mootness.[1]

Although given an opportunity to do so in this proceeding, Defendant-Intervenor, The Budd Company, has neither opposed Borlem's motion nor presented any challenge to the remand results.

---

[1] Borlem does not oppose the dismissal of Count II of the Complaint.

The Court's remand order required the ITC, in light of the International Trade Administration's amended final determination, to either reconsider its affirmative threat of material injury finding or explain its reasons for not doing so. *Borlem S.A.-Empreedimentos Industriais*, 13 CIT at 546, 718 F. Supp. at 49.[2] On November 4, 1991, the ITC published its reconsideration determination reversing its original affirmative threat of injury determination, in effect making Borlem the prevailing party.

The Court retained jurisdiction over the action during the pendency of the ITC's remand proceeding. No party has expressed any opposition to Borlem's position that the ITC fully complied with this Court's remand order and that the ITC's reconsideration determination is based upon substantial evidence on the record and is otherwise in accordance with law. Defendants explicitly concede those two points. Defendants' Reply to Motion for Affirmation of Remand Results and Entry of Final Judgment at 3.

The Court finds that the ITC complied with the Court's remand instructions and reached a determination that is supported by substantial evidence on the record and is otherwise in accordance with law. Accordingly, this Court affirms the ITC's remand results and directs final judgment be entered for Plaintiffs. Count II of the Complaint is dismissed as moot.

---

[2] The Court's remand order was affirmed by the Court of Appeals for the Federal Circuit. *Borlem S.A.-Empreedimentos Industriais v. United States*, 913 F.2d 933 (Fed. Cir. 1990).